[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16423
Non-Argument Calendar

_____

D. C. Docket No. 06-00171-CR-01-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEASE MARIE LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 10, 2007)**

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Alease Lewis appeals her 18-month sentence imposed after she pled guilty

to thirteen counts of preparing false tax returns, in violation of 26 U.S.C. § 7206(2). On appeal, Lewis argues that her sentence is unreasonable in light of the factors in 18 U.S.C. § 3553(a). After review, we affirm.

## I. BACKGROUND

Lewis worked as a tax preparer at Ace Tax Service during the 2001 filing season. Between 2002 and 2004, Lewis operated her own tax preparation business. Lewis attracted new clients by promising bigger refunds.

In May 2002, the Atlanta Fraud Detection Center opened an administrative investigation after it noticed a pattern of inflated Schedule A deductions in returns prepared by Lewis. In August 2002, Internal Revenue Service ("IRS") investigators interviewed Lewis regarding suspected income tax fraud. A subsequent examination of 28 of the approximately 1500 tax returns Lewis prepared between 2002 and 2004 revealed $88,568.43 in lost tax revenue.

Lewis pled guilty to thirteen counts of willfully assisting taxpayers in the preparation and presentation to the IRS of tax forms that contained false tax amounts, which were calculated based on entries that Lewis knew to be false. Over half of the thirteen tax returns that formed the basis of Lewis's indictment were prepared after Lewis's 2002 interview with the IRS.

The presentence investigation report ("PSI") recommended a total offense

level of 15 and a criminal history category of I, resulting in an advisory guidelines range of 18 to 24 months' imprisonment. Lewis filed a sentencing memorandum, arguing that a term of probation would be a reasonable sentence. Lewis pointed to the fact that she had no criminal history, was the sole provider for her two minor children, and had not received any portion of the refunds she obtained. Lewis also noted that the government had chosen not to prosecute the taxpayers involved.

At the sentencing hearing, Lewis did not object to the facts or the guidelines calculations in the PSI.[1] The district court therefore adopted the PSI's findings and advisory guidelines range.

Lewis argued for a sentence of probation. Lewis again pointed out that she had no prior criminal record, which distinguished her from the average offender in a criminal history category of I. The district court interrupted and expressed concern that Lewis "got a warning shot" when she was visited by the IRS in 2002, yet "continued to do this." The district court explained that it was reluctant to impose a sentence below the guidelines range because Lewis had engaged in "overt illegal conduct" by "using her own children on other people's returns." Lewis responded that the district court should also consider that Lewis was a veteran and had "pulled herself up from nothing" to graduate from college, was raising two

---

[1]Lewis's only objection to the PSI was to argue that there was no basis for an upward variance from the advisory guidelines range.

children as a single mother, and was active in her church and the community. Lewis contended that a term of probation would achieve the aims of punishment without separating Lewis from her children.

After considering the parties' arguments, the district court stated that Lewis was "to be commended for what [she has] done in terms of improving [her] lot in life," and acknowledged the "terribly difficult decision" the court faced as to whether to separate a family. The district court concluded, however, that Lewis had "engaged in clearly illegal conduct that [she] knew was illegal," "over a period of time," even after she was warned that the IRS was examining her. The district court explained that it "[has] a duty under the law to apply the law impartially and especially as between people who commit similar crimes under similar circumstances" and observed that Lewis's offenses were "not the least egregious of these types of crimes" the district court had seen. Accordingly, the district court sentenced Lewis to an 18-month sentence, at the low end of the advisory guidelines range.

Lewis filed this appeal.

## II. DISCUSSION

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court, in determining a reasonable sentence, must consider the correctly calculated

4

advisory guidelines range and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Although the district court must consider the § 3553(a) factors, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, indications in the record that the district court considered facts and circumstances falling within § 3553(a)'s factors will suffice. Id. at 1329-30; Talley, 431 F.3d at 786.

We review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). This "[r]eview for reasonableness is deferential," and "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

Here, we conclude that Lewis has not shown that her 18-month sentence is unreasonable. Lewis does not dispute the district court's advisory guidelines calculations. Furthermore, although the district court did not, and was not required

5

to, discuss each § 3553(a) factor, the record clearly indicates that the district court considered several facts and circumstances falling within § 3553(a)'s factors, including (1) Lewis's history and characteristics, such as her efforts to escape dire conditions as a child and graduate from college and her status as a single mother; 18 U.S.C. § 3553(a)(1); (2) the nature and circumstances of Lewis's offenses, such as the fact that Lewis continued to produce fraudulent tax returns after the IRS informed her that it was monitoring her activities, id.; and (3) the need to avoid unwarranted sentencing disparities, by recognizing that Lewis's case was not the least egregious, id. § 3553(a)(6).  Under the facts and circumstances of this case, Lewis has failed to show that her 18-month sentence, at the low end of the advisory guidelines range, is unreasonable.

**AFFIRMED.**